UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA PLAINTIFF

vs. CRIMINAL ACTION NO. 3:21-CR-00021-CHB-CHL

ADDAM TURNER DEFENDANT
a/k/a Profane812
a/k/a @ProfaneRedacted

**UNITED STATES' RESPONSE TO DEFENDANT'S**
**MOTION TO REVOKE DETENTION ORDER**
**(Electronically filed)**

Comes now the United States of America, by counsel, Joshua Judd, Assistant United States Attorney, and in response to defendant's Motion to Revoke Detention Order, states that the United States objects to the motion and states in support of its objection the following:

INTRODUCTION

Defendant Addam Turner should be detained. There are no conditions or combination of conditions that prevent Turner from reoffending because he has a history of noncompliance on state bond including possessing firearms. A hearing on the matter is unnecessary as Turner's noncompliance on bond is sufficient to resolve the matter without additional use of judicial time.

On February 23, 2021 the federal grand jury returned an indictment charging defendant Addam Turner, a/k/a Profane812, a/k/a @ProfaneRedacted, with one violation of 18 U.S.C. 875(c). Count One charged him with knowingly and willfully transmitting a communication in interstate and foreign commerce, on Twitter and the internet, and the communication contained a threat to injure SMPD officer A.C., specifically Addam Turner using display name of "Profane812" and a user name of @ProfaneRedacted posted a photograph of A.C. on Twitter

with a red bullseye on the forehead of A.C. with skulls and a burning anarchy symbol in the background of the photograph in violation of 18 U.S.C. § 875(c). These alleged offense occurred on December 28, 2020.

The defendant was arrested pursuant to a warrant on a criminal complaint and made his initial appearance on February 11, 2021. (DN 1). A detention hearing was scheduled and conducted on February 24, 2021. (DN 6, Order). At the conclusion of the hearing, the Magistrate Judge ordered that the defendant be detained pending trial, finding that the proffered evidence established by clear and convincing evidence that there are no conditions or combinations that would reasonably assure the safety of the community if released. (DN 8, Detention Order). The defendant has filed a motion to revoke the detention order. (DN 19). A consideration of the factors enumerated in 18 U.S.C. 3142(g) clearly supports the Magistrate Judge's decision to detain the defendant prior to trial, and that finding should not be disturbed.[1]

The United States submits that there is no need to conduct a hearing on the matter. At a minimum, the fact that Turner was on release from two state crimes, and committed the instant offense is sufficient to justify his detention as a danger to the community because he will not abide be court orders while on release. Furthermore, the additional reasons articulated below justify Turner's detention until trial under the bail reform act. If the defense wishes to submit a video to the court, the United States does not object. An additional hearing on the matter would still be unnecessary because any videos proposed by the defendant do nothing to alter his performance and disregard of conditions while on release by his continued possession of

1 The United States obtained recordings of the detention hearing and ordered transcripts of that hearing on March 31, 2021.

firearms.

ARGUMENT

The United States bears the burden of proving that the defendant is a danger to the safety of any other person and the community by clear and convincing evidence. 18 U.S.C. § 3142(f). 18 U.S.C. § 3142(g) enumerates the factors that the Court must consider in determining "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community". Those factors are:

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;
>
> **(3)** the history and characteristics of the person, including—
>
> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and **(B)** ***whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law***; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.
>
> 18 U.S.C. § 3142(g) (Italics and bold emphasis added).

The magistrate judge found that the weight of the evidence and the participation in criminal activity while on probation, parole, or supervision established by clear and convincing evidence that Turner presented a danger to the community and condition or combination of conditions.

## I. TURNER COMMITTED OFFENSES AND POSSESSED WEAPONS WHILE ON RELEASE.

The United States Office of Probation and Parole issued a pretrial services report outlines Turner's history of compliance issues with court orders which make him an unsuitable candidate for release with conditions. In Jefferson District Court Case No.: 20-M-007514, Turner was charged with Criminal Trespass—2nd Degree (misdemeanor). He was released the next day on his own recognizance with the condition that not be arrested or violate the law.

While on release for the previous offense, Turner was arrested on December 25, 2021 and charged with Menacing and Resisting Arrest by Saint Matthews Police Department (SMPD) in Jefferson District Court Case No: 20-M-009791. He was released the next day on his own personal recognizance with conditions that ne not have any new arrests or violations of law. He was also prohibited from possessing firearms and weapons.

On December 28, 2020, Turner posted to his Twitter account "Profane812" a photograph of A.C. with a bullseye on his forehead. The police officer in the photograph below was involved in the arrest of Turner on December 25, 2021.




On January 6, 2021, the Real Time Crime Center cameras operated by Louisville Metro Police Department observed Addam Turner standing next to his car with a handgun holstered in his waistband and an assault rifle slung from his neck.

On January 28, 2021, a complaint was issued by Jefferson District Court for violation of his bond condition in Case No: 21-M-000585. Turner was arrested by SMPD for violating and condition of his release. During this arrest, Detectives observed a handgun between the driver seat and console and an AR-15 rifles in the back seat of the vehicle.

Turner was in violation of prior court orders on December 25, 2020 (menacing), December 28, 2020 (federal threat case), January 6, 2021(possession of firearms while on bond) and again on January 28, 2021 (possession of firearms while on bond). Based on Turner's record of compliance, there are no conditions this Court can set that Turner will comply with to

secure the safety of the community. Turner has shown that he disregards the authority of the court system and that he will not or cannot conform his behavior to the requirements of the law or bond.

## II. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE SHOW TURNER PRESENTS A DANGER TO THE COMMUNITY.

Turner's disregard of legal authority is consistent with his ideology as a domestic violent extremist. Turner does not just provide protection to protestors; Turner is part of an extremist militia group that has antigovernment and anti-law enforcement beliefs and espouses violence to achieve their objectives. As part of background, Turner is a member of the The United Pharaoh Guard (UPG), a/k/a, Loujahadeen, are Boogaloo ideology anti-law enforcement antigovernment group in Louisville, Kentucky. The evidence consists of Turners own words posted to social media. Included with this filing as an exhibit and provided to the court and defense counsel as an exhibit during the detention hearing is Exhibit 1.

The facts were proffered by the United States and are contained within the criminal complaint filed as DN 1. On Friday, December 25, 2020, members of UPG, including Turner, were present and participated in a caravan protest in the St. Matthews, Kentucky. SMPD had a brief prior to responding to the caravan and began to shadow the vehicles involved.

SMPD Police officer A.C. followed the caravan for several miles and witnessed several traffic violations and dangerous behavior. A.C. initiated a traffic stop on the caravan's two lead vehicles. A.C. was speaking with the drivers of those vehicles and heard a SMPD officer giving loud verbal commands to Turner to not cross the road towards SMPD officers. Turner was observed in the 200 block of North Hubbards Lane St. Matthews, Kentucky with an AR-pistol and a holstered handgun on his person.

Turner was observed placing the safety of the AR-pistol into the fire position and placed his right index finger inside the trigger guard and onto the trigger. Turner ignored loud, verbal commands to remove his hand from this position, putting officers on scene in fear of imminent physical danger and injury. Turner finally complied. While attempting to be placed into custody, Turner used physical force against arresting officers acting under official authority. Turner was arrested by SMPD for menacing (misdemeanor) and resisting arrest (misdemeanor).

Three days later Turner took to social media to post the bullseye on the forehead of SMPD officer A.C. Turner was arrested on a federal criminal complaint on February 11, 2021 by the FBI. He admitted he posted the threat and that it looked bad. He said that he took it down.

**III. THERE ARE NO CONDITION OR COMBINATION OF CONDITIONS TO SECURE THE SAFETY OF THE COMMUNITY.**

Turner's decisions to possess weapons after being placed on conditions prohibiting him from doing so show that he is a danger to the community. His violent posting and threats against law enforcement also show that he presents a danger to A.C. and other police officers. The threat combined with his noncompliance exacerbate the danger he presents. The first factor weighs in favor of detention.

The strongest factor in favor of detention is the third factor of the bail reform act. The primary argument for the argument that there are no conditions or combination of combinations that would reasonably assure the safety of the community if the defendant was released is a close examination of the defendant's compliance records while on conditions of release. Turner has had multiple chances to comply with conditions set by other courts and he has shown that he will

not comply. That record does not support release on conditions. In summary, the defendant's history demonstrates that he is unwilling or unable to confine his behavior within the bounds of the law. He has repeatedly committed new offenses while on state release.

Finally, the Court must consider the nature and seriousness of the danger to any person or the community that would be posed by the person's release. A consideration of this factor also cuts in favor of detention prior to trial. As set forth above, the defendant's history demonstrates a disregard for lawful authority and the instant indictment contains charges for a serious offense allegedly committed while the defendant was on conditions of pretrial release. The defendant's motion should be denied and the defendant should be detained pending trial.

An additional hearing on the matter is unnecessary because the videos proposed by the defendant do nothing to alter his performance and disregard of conditions while on release by his continued possession of firearms.

## CONCLUSION

The United States respectfully asks this Court to enter an order denying the defendant's motion to revoke the order of detention.

Respectfully submitted,
Michael A. Bennett
Acting United States Attorney

S/Joshua Judd______________
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5911 (phone)

## CERTIFICATE OF SERVICE

On April 5, 2021, I electronically filed this document through the ECF system, which will send a notice of electronic filing to Scott Wendelsdorf, Counsel for the defendant.

S/Joshua Judd
Assistant United States Attorney