**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**(Filed Electronically)**

**CRIMINAL ACTION NO. 3:21CR-21-CHB**
**UNITED STATES OF AMERICA,**                                          **PLAINTIFF,**

**v.**

**ADDAM TURNER,**                                                        **DEFENDANT.**

### REPLY OF DEFENDANT TO RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER

In its response, the government declares that no combination of conditions can reasonably protect the public should Mr. Turner be released pending trial in this non-presumption case. In so doing, the United States does not comment upon, analyze, or even mention the numerous conditions of release proffered by defendant which would do just that.

The government relies on two primary arguments in support of its position that no conditions would reasonably protect the public: 1) Mr. Turner's non-compliance with a misdemeanor state bond and 2) his rhetoric and the circumstances of his arrest. While the first is a valid concern and the second is not, both can be adequately ameliorated by the imposition of appropriate conditions of release on the conditions suggested.

For the reasons set forth in defendant's original motion and below, he should be released pending trial in this non-presumption case on the conditions suggested.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

## Non-Compliance with Existing Bond Requirements

The government argues the "fact that Turner was on release from two state crimes, and committed the instant offense is sufficient to justify his detention as a danger to the community because he will not abide be (sic) court orders while on release". (R. 21United States' Response, p. 2). This is certainly one of the §3142(g) factors, but it is only one and is not—as the government suggests—dispositive of the issue. Other than the statutory presumption of 18 U.S.C. §3142(e), the Bail Reform Act has no summarily disqualifying factors prohibiting release—and the government concedes and the Magistrate Judge correctly concluded that *the §3142(e) presumption does not apply to this case*. In non-presumption cases such as this one, the Bail Reform Act directs that Mr. Turner "shall" be released pending trial on personal recognizance or an unsecured bond unless the United States proves by "clear and convincing evidence" that no condition or combination of conditions would reasonably assure the safety of the public. Accordingly, the issue is not whether Mr. Turner was on bond for state misdemeanor charges at the time of the alleged offense conduct herein or whether he violated the conditions of that bond by merely possessing—as opposed to using, brandishing, or threatening the use of—firearms. The issue is whether, taking these facts into consideration, there are conditions the Court can impose that will nevertheless reasonably protect the public should he be released pending trial. Clearly there are, as detailed in the record of the detention hearing, discussed in defendant's motion to revoke detention, and totally ignored in the government's response to that motion. These include, but are not limited to, placing defendant in the third party

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

2

custodianship of his father (assuming he is properly vetted by the Probation Office as being a suitable third party custodian); removing all firearms or dangerous weapons from the home; requiring his house arrest at his father's home subject only to specific exceptions or curfews approved in advance by the Probation Office; restricting or prohibiting any direct or indirect associations, visitation, or communications of any kind with or by members of the UPG or any other group or organization deemed by the Probation Office to be "an extremist militia group that has anti-government and anti-law enforcement beliefs and espouses violence to achieve their objectives" (R. 21 United States' Response, p. 6); prohibiting all internet access and use; restricting verbal, graphic, mail, telephone, electronic, or internet communications of any kind with any one other than his third party custodian, the Probation Office, or his counsel; reporting as directed to the Probation Office; monitoring by electronic and/or GPS devices to enforce home detention, immediately detect any violation of same, and maintain constant surveillance of defendant's whereabouts; abstaining from drug or alcohol use and submitting to testing for drug and/or alcohol use as directed; attending and participating in drug and/or alcohol counseling or treatment as directed; or, quite literally, any other condition or combination of conditions deemed suitable by the Court.

Defendant's alleged transgressions while on state bond may justify and even require stricter conditions of release than would otherwise be considered, *but they do not disqualify him from release as the government suggests*. The government has failed utterly to prove by even a preponderance of the evidence, let alone by the required clear-and-convincing-

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

evidence standard, that such strict conditions would not reasonably protect the public should he be released pending trial; and in the absence of such proof, the Bail Reform Act requires his release.

### Defendant's Alleged Rhetoric and the Circumstances of His Arrest

The government argues that the circumstances of defendant's arrest and his "postings and threats" show he is a danger to the community. Again, the government makes no effort to respond to the suggested conditions of release proffered by defendant to reasonably protect the public.

In his original motion to revoke detention, defendant analyzes and comments on the alleged offense conduct and circumstances of defendant's arrest set forth in the complaint and the findings and internal contradictions of the Pretrial Services Report. The government's response adds nothing new, so reiteration is unnecessary. What *is* new is video provided by the United States showing Mr. Turner's arrest and the events immediately preceding it.

Defendant denies threatening the police or brandishing his firearms in a threatening manner. The police claim that he did. The defendant denies resisting arrest or fighting the police. The police claim that he did. Video files of the relevant encounter were provided to defendant by the United States in discovery on March 31, 2021. One of these, USA-001015, is particularly revealing. The video is some 17 minutes long, but the part relevant to this case is found between time marker 0:00 and time marker 9:00. That relevant portion of

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

4

USA-001015 is filed herewith as Exhibit A without objection by the United States. (R. 21 United States' Response, p. 2).

In Exhibit A, the initial confrontation between defendant and the St. Matthews Police Department is shown. The "loud, verbal commands" of the police (Id.) are seen and, to an extent, heard beginning at time marker 1:15, although the content of the "commands" is not apparent. The view of defendant is initially blocked by a car, but police officers are shown drawing their weapons, threatening him, and yelling at him. Defendant is clearly shown complying with those commands with his hands plainly seen being held well away from the firearm with no threatening stance or aggressive conduct of any kind. An officer and defendant are shown in conversation while other officers on the scene are shown walking about seemingly unconcerned and not at all "in fear of imminent physical danger and injury" as the government claims. (Id.).  The only people apparently being threatened by firearms are the unarmed protestors at whom armed police were pointing their weapons in an effort to keep the unarmed crowd back.[1] At time marker 3:58, while defendant is talking with police with his hands in a clearly non-threatening configuration, he is tackled and manhandled to the ground, his face is pushed into the ground making it hard for him to breath, and he shot with a taser. Because of the effects of the taser, he cannot stand or control his actions and has to be assisted to the police car. At time marker 8:50, defendant

---

[1] As pointed out above, the video shows police talking to defendant, but it is not at all clear what is being said or by whom. Beginning at approximately time marker 1:58, a person can be heard repeatedly yelling "Put your gun down!", but it is clearly not coming from the officers confronting the defendant. It appears to be a demand made by the person making the video, presumably one of the protestors, and directed to the armed police holding the crowd at bay by gunpoint.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

is secured in the police car.

In short, the government's factual allegations, fraught with visions of frightened police officers "in fear of imminent physical danger and injury" from a gun wielding terrorist, are simply not supported by the government's own evidence. Compare this lack of evidence with the actual evidence presented by defendant and his witnesses at the detention hearing showing that he has no prior convictions for any crime, let alone a crime of violence; has never engaged in violent or aggressive conduct; has never exhibited anger or aggressiveness in his encounters with police or others; is a good father; and was gainfully employed and capable of seeking employment. This paints a much different picture of Mr. Turner's behavior versus his rhetoric—and it is his behavior that has the potential of being a danger to the community. To be sure, there have been and remain plenty instances of hyperbole and braggadocio on both sides of the political divide in this matter ramping up the rhetoric of everyone—police and protestors. But, it is behavior, not rhetoric, that has the potential of being a danger to the community; and the government has not proven by clear and convincing evidence that Mr. Turner's behavior poses such a danger. Assuming, *arguendo*, that the Court concludes that it has, the analysis does not end there. Even in such cases, 18 U.S.C. § 3142(c) *still mandates* release of the defendant subject to the least restrictive conditions that the Court determines will reasonably assure the safety of the community.

### Conclusion

Defendant's release pending trial will not pose a danger to the community. Even if

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

the Court determines that there would be some danger, he should still be released on the least restrictive conditions that will reasonably assure the safety of the community. 18 U.S.C. § 3142(c). A guarantee of safety is not required, the standard is instead "reasonable assurance."  United States v. Fortna, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950 (1986); United States v. Orta, 760 F.2d 887 (8th Cir. 1985)(en banc). As established in the detention hearing, the motion to revoke detention, and herein, there are clearly conditions that will satisfy this "reasonable assurance" standard.

> /s/ Scott T. Wendelsdorf
> Federal Defender
> 200 Theatre Building
> 629 Fourth Avenue
> Louisville, Kentucky 40202
> (502) 584-0525
>
> Counsel for Defendant.

## CERTIFICATE

I hereby certify that on April 7, 2021, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Joshua Judd, Assistant United States Attorney.

> /s/ Scott T. Wendelsdorf

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

7